IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CEYRELIA LADNER**                                            **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 1:05cv333KS-MTP**

**HANCOCK MEDICAL SERVICES**                                   **DEFENDANT**

### ORDER

This matter is before the court on the plaintiff's Motion for Attorney Fees and Costs **[#63]**. The court, having reviewed the motion, the response, the briefs of counsel, the authorities cited and being otherwise fully advised in the premises, finds that the motion is well taken and should be granted as set forth below. The court specifically finds as follows:

This case is one of three cases filed against Hancock Medical Center by individuals who were terminated from their employment as a result of not reporting to work either prior or during Hurricane Ivan. Honorable Wilson Eaton was counsel of record for all three plaintiffs until immediately prior to the trial in this case when he was appointed an Assistant Public Defender and the Honorable Kaye Persons became counsel of record. Michelle Ladner and Ceyrelia Ladner jointly filed their cases but Gwen Howard filed separately. The claims in all three cases were similar in that it was alleged that Hancock Medical Center discriminated against Howard and the Ladners because of their female gender, that they were the victims of intentional infliction of

emotional distress, etc. All three plaintiffs sought compensatory and punitive damages. Ceyrelia Ladner was different from the remaining two individuals in that she had an additional claim under the Family and Medical Leave Act, which was the only claim to proceed to trial.

Gwen Howard's lawsuit was on a different track than that of the Ladner plaintiffs and when the defendant moved for summary judgment on her multiple claims, this court granted the motion. Discovery for the Ladner plaintiffs was done together as they filed only a single lawsuit. Hancock Medical Center filed separate summary judgment motions on each of their claims. This court granted summary judgment on Michelle Ladner's claims and granted summary judgment on all of Ceyrelia Ladner's claims with the exception of the FMLA claim. That claim was tried before a jury on June 11-12, 2007, resulting in a verdict for the plaintiff. The court thereafter entered judgment in favor of the plaintiff and against the defendant on June 28, 2007, awarding the plaintiff back pay in the amount of $15,458.68 plus costs and attorneys fees pursuant to 29 U.S.C. § 2617(a) and Rule 54(d) of the Federal Rules of Civil Procedure.

## **STANDARD FOR AWARDING ATTORNEY FEES and COSTS**

Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party shall be entitled to recover his costs. That Rule specifically states:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ..

Rule 54(d)(1), Fed.R.Civ.P. The costs which can be imposed under Rule 54 are

defined by 28 U.S.C. § 1920 which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) fees of the clerk and marshal;
>
> (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) fees and disbursements for printing and witnesses;
>
> (4) fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) docket fees under § 1923 of this title;
>
> (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

The plaintiff has filed a Bill of Costs totaling $862.85 with no objection from the defendant, thus the court awards costs to the plaintiff in that amount.

On the other hand, the issue of attorney fees is hotly contested. "This Circuit uses the 'lodestar method' to calculate attorney's fees. Thus, in assessing attorneys' fees, the Court has stated that the district court must examine the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Pride Ford Lincoln Mercury, Inc. v. Motors Ins. Corp.*, 80 Fed. Appx. 329, 332 (5th Cir. 2003)(citing *Riley v. City of Jackson*, 99 F.3d 757, 706 (5th Cir. 1996)). After doing so, the lodestar is "calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003).

The *Johnson* factors are: (1) the time and labor required to represent the client

or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 719.

The plaintiff has filed a motion for attorney fees in the total amount of $57,185.00 comprised of $16,650.00 for Wilson Eaton and $40,535.00 for Kaye Persons. However, the defendant contends that the number of hours claimed expended in plaintiff's motion for attorney fees is not reasonable because many of those hours were not spent in advancing the only claim prevailed upon in this matter, the Family Medical and Leave Act (FMLA) claim of Ceyrelia Ladner.  The defendant argues that the plaintiff has presented a number of hours presumably worked on her case which are allegedly not related to the plaintiff's trial verdict.

In support of this argument, the defendant points out that when this matter was filed on July 6, 2005, it was filed on behalf of two plaintiffs, Michelle Ladner and Ceyrelia Ladner and that all of Michelle Ladner's claims were dismissed by summary judgment on April 13, 2007.  Further, even though Ceyrelia Ladner claimed damages for gender-based discrimination, state tort claims and claims under the FMLA, all of her claims except for the FMLA claim were also dismissed by summary judgment on April 13, 2007.  Thus, according to the defendant, a significant amount of the time spent

preparing the complaint, conducting discovery and responding to the defendant's motions for summary judgment can be attributed to the claims of Michelle Ladner and the claims of Ceyrelia Ladner upon which the defendant prevailed and thus Wilson Eaton's claim for fees should be reduced accordingly.  As for the fee claim of Kaye Persons, the defendant merely claims that it is disproportionate to the result achieved.

Based on a thorough review of the law and the record, the court finds that because Wilson Eaton represented Gwen Howard and both Ladner plaintiffs that there were enough similarities and duplication in the cases to merit a reduction in the amount of time attributable to the case of Ceyrelia Ladner.  The time spent on the unsuccessful claims of the three plaintiffs are hopelessly intertwined with the one successful claim of the plaintiff Ceyrelia Ladner.  The court also finds that the amount of time spent by Kaye Persons on achieving the trial verdict must also be reduced.  The court does not doubt that Persons actually spent the amount of time on the case which she claims.  However, based on the limited result achieved, equity demands moderation.

The court finds that both Wilson Eaton and Kaye Persons possessed the requisite experience, skill and ability to pursue the claims of Ladner and that they invested substantial time, effort and labor in the effort and were thereby precluded from other employment.  Mr. Eaton diligently pursued the matter from the filing of the Complaint, through costly discovery and summary judgment proceedings.  He had to withdraw on the eve of trial due to his appointment to public office and not because of disagreement with his client or lack of faith in her claims.  Kaye Persons came into the case shortly before the scheduled trial and had to get up to speed rapidly.  She obviously invested substantial time in preparing for the trial as evidenced by her

thorough preparation for trial and as reflected in her itemized billing.

Employment discrimination cases are generally complex, difficult and only pursued by a few trial advocates. This case is no different as shown by the discovery, summary judgment motion and trial. Thus, based on the complexity and undesirability of the work and the affidavits submitted in support of the motion, the court finds that $250.00-$275.00 per hour is both reasonable and customary for this type of work in this area.

The court would note that it handled all three of these related cases from the completion of discovery through the summary judgment stage and presided over the trial of the FMLA claim of Ceyrelia Ladner. After considering the entire record in this case, and based on a careful analysis of the time spent and the result achieved, and by applying the appropriate review of the above referenced factors, the court finds that the appropriate lodestar figure should be arrived at by the allowance of forty percent of Wilson Eaton's hours multiplied by $250.00 per hour and thirty-three and one third percent of Kaye Person's hours multiplied by $275.00 per hour. Based on this finding, the plaintiff is entitled to an award of attorney fees for J. Wilson Eaton, III in the amount of $6,660.00, and for Kaye Persons in the amount of $13,511.65 for a total fee award of $20,171.65. This fee award added to the costs of $862.85 entitles the plaintiff to a judgment of $21,034.50, plus interest at the legal rate until paid.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion for Attorney Fees and Costs **[#63]** is granted and the plaintiff is awarded a judgment for attorney fees for J. Wilson Eaton, III in the amount of $6,660.00, for Kaye Persons in the amount of $13,511.65 for a total fee award of $20,171.65, and for costs in the

amount of $862.85 for a total judgment of $21,034.50, plus interest at the rate of 3.04% until paid, for all of which let execution issue.

 SO ORDERED AND ADJUDGED this the 14th day of January, 2008.


           *s/Keith Starrett*
            UNITED STATES DISTRICT JUDGE